**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

| | | |
|---|---|---|
| M.M., as next friend of R.R., a minor, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No.: ____________________ |
| | § | |
| L[redacted] P[redacted], | § | JURY DEMANDED |
| | § | |
| *Defendant*. | § | |

**PLAINTIFF'S MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, AND INCORPORATED MEMORANDUM OF LAW**

## I. INTRODUCTION

This case concerns the Defendant's illicit dissemination of sexually explicit images of a child. When the Plaintiff's daughter, R.R., was twelve years old, an adult predator coerced her into producing sexually explicit images of herself. That predator is now incarcerated in federal prison. But the images did not disappear. The Defendant—a sixteen-year-old classmate of R.R.—has somehow obtained those images, which constitute child pornography. And on or about August 14, 2026, the Defendant transmitted a screenshot of his camera roll showing that he possessed them to another student, with full knowledge that they depict R.R. as a twelve-year-old child.

For the reasons detailed in the accompanying Declaration of M.M.—attached here as **Exhibit 1**—the Plaintiff is highly likely to succeed on the merits of her claims

under 18 U.S.C. § 2255 and 15 U.S.C. § 6851. And because the Defendant still possesses child sexual abuse material depicting the Plaintiff's minor child, has not deleted them, and has recently disseminated them, the Plaintiff faces a substantial risk of continued dissemination and immediate and irreparable harm. The Plaintiff therefore seeks a temporary restraining order and a preliminary injunction ordering the Defendant to cease all display, disclosure, and distribution of the images of R.R. and to destroy every copy in his possession, custody, or control. *See* 15 U.S.C. § 6851(b)(3)(A)(ii).

## II. RELEVANT FACTS

When R.R. was twelve years old, an adult male contacted her through the social-media application Snapchat and coerced her into producing and sending sexually explicit images of herself. **Ex. 1**, Decl. of M.M., at ¶ 3. The images depict R.R.'s uncovered genitals or pubic area and constitute child pornography. *Id.* at ¶¶ 4, 11. The adult male who coerced R.R. into producing the images was subsequently prosecuted and is now incarcerated in federal prison. *Id.* at ¶ 5.

Approximately four years later, when R.R. was a sixteen-year-old junior in high school, the images resurfaced. *Id.* at ¶ 6. On or about August 14, 2026, the Defendant transmitted a screenshot of his own camera roll—which contained approximately five sexually explicit images of R.R. taken when she was twelve years old—to another student. *Id.* at ¶ 7. That screenshot was forwarded to R.R. *Id.* The Defendant knew that the images depicted R.R. as a twelve-year-old child, and he had no lawful basis to possess them. *Id.* at ¶ 8.

The Defendant knowingly distributed the images of R.R. to other students, including by text message and other electronic means, without R.R.'s consent. *Id.* at ¶¶ 6–8. After R.R. and her mother reported the Defendant's conduct to school officials, the Defendant continued to attend school and (to the Plaintiff's knowledge) has not been disciplined. He also has shown no remorse and has continued to taunt and demean R.R. *Id.* at ¶¶ 9–10.

## III. LEGAL STANDARDS

### A. TEMPORARY RESTRAINING ORDER

Rule 65(b)(1) of the Federal Rules of Civil Procedure provides that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

"In determining whether to grant a temporary restraining order ('TRO'), the Court considers the same four factors applicable to a motion for preliminary injunction." *Dinter v. Miremami*, 627 F. Supp. 3d 726, 730 (E.D. Ky. 2022) (citing *McGirr v. Rehme*, 891 F.3d 603, 610 (6th Cir. 2018)). "Though the standard for a TRO is the same as a preliminary injunction, there is increased emphasis on irreparable harm." *Id.* "Under Federal Rule of Civil Procedure 65, the purpose of a temporary restraining order is merely to preserve the relative positions of the parties—i.e., the status quo—until the Court can hold an adversarial hearing for a preliminary injunction." *Blount Pride, Inc. v. Desmond*, 690 F. Supp. 3d 796, 802 (E.D. Tenn.

2023) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974)).

## B. PRELIMINARY INJUNCTION

When deciding whether to issue a preliminary injunction:

> [C]ourts must examine four factors . . . : (1) whether the movant has demonstrated a substantial likelihood of success on the merits, (2) whether the movant will suffer irreparable injury absent injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether the public interest will be served by an injunction.

*Flight Options, LLC v. Int'l Bhd. of Teamsters, Loc. 1108*, 863 F.3d 529, 539–40 (6th Cir. 2017).

Likelihood of success on the merits "is the most important" factor. *Jones v. Caruso*, 569 F.3d 258, 277 (6th Cir. 2009). Even so, "the four considerations applicable to preliminary injunction decisions are factors to be balanced, not prerequisites that must be met." *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985); *see also PCC Airfoils, LLC v. Daugherty*, 176 F.4th 509, 513 (6th Cir. 2026). Although one judge in this judicial district has consistently failed to abide by that directive, the Sixth Circuit has recently reiterated that it is Sixth Circuit law and that

> "[V]ertical stare decisis is absolute." *Ramos v. Louisiana*, 590 U.S. 83, 124 n.5 (2020) (Kavanaugh, J., concurring in part). Nor can [a Sixth Circuit panel] overrule this court's prior holdings applying *Winter*; only the Supreme Court or this court sitting en banc may do so. *Wright v. Spaulding*, 939 F.3d 695, 700 (6th Cir. 2019). And our current standard is clear: "[t]he preliminary injunction factors do not represent a list of 'prerequisites to be met,' " and only when a movant utterly fails to satisfy one of the first two factors—likelihood of success on the merits or irreparable harm—can we say that the preliminary injunction is unwarranted without consideration of the other factors or without balancing of the four in light of one another. *PCC Airfoils*, 176 F.4th at

513 (citation omitted).

*NetChoice, LLC v. Skrmetti*, No. 25-5660, 2026 WL 2546423, at *4 (6th Cir. Aug. 28, 2026).

## IV. ARGUMENT

### A. THE PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS.

#### 1. Violation of 15 U.S.C. § 6851

An individual "whose intimate visual depiction is disclosed" "without the consent of the individual" may bring a civil action against a person "who knows that, or recklessly disregards whether, the individual has not consented to such disclosure." *See* 15 U.S.C. § 6851(b)(1)(A). The statute defines "intimate visual depiction" to include a depiction of "the uncovered genitals, pubic area, anus, or post-pubescent female nipple of an identifiable individual," 15 U.S.C. § 6851(a)(5)(A), and defines "disclose" to mean "to transfer, publish, distribute, or make accessible," 15 U.S.C. § 6851(a)(4). The statute reaches minors: it expressly authorizes a guardian to "assume" the rights of a depicted individual who is "under 18 years of age." 15 U.S.C. § 6851(b)(1)(B).

Here, the images of R.R. are intimate visual depictions, and the Defendant disclosed them to other students using electronic means—a facility of interstate commerce. **Ex. 1** at ¶¶ 4, 6–7. R.R. did not consent, *see id.* at ¶ 8, and, as a minor, she could not lawfully consent, to the disclosure. That R.R.'s images were created years earlier does not establish consent to their distribution, and any prior sharing of an image does not establish consent to further disclosure by the Defendant. *See* 15

U.S.C. § 6851(b)(2). The Plaintiff is therefore highly likely to succeed on her § 6851 claim.

### 2. <u>Violation of 18 U.S.C. § 2255</u>

18 U.S.C. § 2255(a) authorizes a civil action by "[a]ny person who, while a minor, was a victim of a violation of" an enumerated offense—including 18 U.S.C. § 2252A—"and who suffers personal injury as a result of such violation." R.R. was twelve years old when the images were produced; the images constitute child pornography within the meaning of 18 U.S.C. § 2256(8); and the Defendant knowingly possessed and distributed them in violation of 18 U.S.C. § 2252A(a)(2) and (a)(5)(B). *See* **Ex. 1** at ¶¶ 3–8. The Plaintiff is therefore likely to succeed on her § 2255 claim as well.

## B. THE PLAINTIFF WILL SUFFER IRREPARABLE INJURY ABSENT AN INJUNCTION.

The threatened continued dissemination of sexually explicit images of a minor child cannot adequately be remedied by money damages and constitutes irreparable harm. "Courts around the country 'have considered the threat of further dissemination of sexually explicit images to constitute irreparable harm because of the images' uniquely sensitive nature.'" *Doe v. Alame*, No. 3:25-CV-0329-B, 2025 WL 713120, at *3 (N.D. Tex. Feb. 24, 2025) (collecting cases and citing *Doe v. Serpa*, No. 3:25-CV-0057-X, 2025 WL 332555, at *3 (N.D. Tex. Jan. 29, 2025) (granting injunctive relief barring further disclosure of the plaintiff's intimate images); *Doe v. Constant*, No. 24-554, 2024 WL 3512136, at *3 (W.D. La. July 23, 2024) (plaintiff "demonstrated the imminent risk of further nonconsensual disclosures of intimate visual

depictions")). The risk here also is neither speculative nor stale: As recently as August 14, 2026, the Defendant transmitted a screenshot to another person showing that he possessed the images. **Ex. 1** at ¶¶ 6–7. That recent history and the Defendant's apparent continued possession of the images creates a substantial risk of further dissemination, and every additional disclosure inflicts fresh and unquantifiable harm on R.R.

### C. AN INJUNCTION WOULD NOT CAUSE SUBSTANTIAL HARM TO OTHERS.

No one will be harmed by an order requiring the Defendant to "cease display or disclosure of the visual depiction[s]" he has of R.R. by destroying them. *See* 15 U.S.C. § 6851(b)(3)(A)(ii). The Defendant has no right to possess child pornography; and no one has any right to view or distribute sexually explicit images of a child; and no one has any right to disseminate sexually explicit images of R.R. The requested relief also is narrowly tailored to the destruction of unlawful material and the cessation of unlawful conduct.

### D. THE PUBLIC INTEREST WILL BE SERVED BY AN INJUNCTION.

The public interest is served by enforcing duly enacted federal statutes—18 U.S.C. § 2255 and 15 U.S.C. § 6851—that protect children and victims of nonconsensual disclosure of intimate images. There is a powerful public interest in halting the circulation of child pornography and in vindicating the rights Congress established for its victims. R.R. is also a child and a crime victim, and Tennessee affords crime victims substantive constitutional and statutory rights to be treated with dignity and to be free from harassment. *See* Tenn. Const. art. I, § 35; Tenn. Code

Ann. § 40-38-102(a)(1). Each of these interests is served by enjoining the Defendant's unlawful conduct. Thus, all four factors weigh decisively in the Plaintiff's favor.

## V. CERTIFICATION REGARDING NOTICE

Pursuant to Federal Rule of Civil Procedure 65(b)(1)(B), undersigned counsel certifies as follows:

No advance notice of this Motion has been given to the Defendant, and the Plaintiff respectfully submits that notice should not be required before the Court rules on the requested temporary restraining order for three reasons:

*First*, the Defendant is an unrepresented minor, and Plaintiff's counsel is mindful of the obligation of fairness to an unrepresented adverse party. *See* Tenn. Sup. Ct. R. 8, RPC 4.3. Directly contacting an unrepresented sixteen-year-old adverse party under circumstances when the Defendant risks massive civil and criminal exposure for his behavior risks running afoul of that obligation.

*Second*, Plaintiff's counsel does not have personal contact information for the Defendant, and the Plaintiff has not yet identified a parent, guardian, or guardian ad litem through whom process may be made.

*Third*, providing the Defendant with advance notice of this Motion—without a restraining order in place—would create a serious risk that the Defendant may further disseminate the sexually explicit images of R.R. before the Court could act. The Defendant still possesses the images of R.R. and disseminated them as recently as August 14, 2026. After R.R. and her mother reported the Defendant's conduct, the Defendant continued to attend school and taunt R.R., showing no remorse and no

cessation of the conduct toward her.

Providing notice before a restraining order is in place would give the Defendant an opportunity to further disseminate the images before the Court could act. Courts have recognized this risk justifies proceeding without notice in cases involving the nonconsensual disclosure of intimate images. *See Doe v. Alame*, No. 3:25-CV-0329-B, 2025 WL 713120, at *4 (N.D. Tex. Feb. 24, 2025) (granting ex parte relief where the defendant's history of retaliation showed he could further disseminate the plaintiff's intimate images if notified). Thus, the harm the Plaintiff seeks to prevent—the further spread of the images—is the harm that advance notice risks inviting.

For these reasons, counsel asserts that notice should not be required before the Court rules on the requested temporary restraining order. The Plaintiff will serve the Defendant with process and with all filings in this action as soon as a service address and a parent, guardian, or guardian ad litem through whom service may be made are identified. Under Local Rule 65.01, an emergency hearing is not requested in connection with this Motion; the Plaintiff instead seeks a ruling on the papers.

## VI. CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that this Court enter a temporary restraining order and a preliminary injunction ordering the Defendant to cease all display, disclosure, and distribution of any intimate visual depiction of R.R. and to destroy every copy in his possession, custody, or control. *See* 15 U.S.C. § 6851(b)(3)(A)(ii). The Plaintiff further respectfully requests that the Court waive the security requirement under Fed. R. Civ. P. 65(c). Because the

requested injunction merely requires compliance with federal law and will cause no cognizable harm to the Defendant, no bond is necessary.

Respectfully submitted,

By: /s/ Daniel A. Horwitz

DANIEL A. HORWITZ, BPR #032176
SARAH L. MARTIN, BPR #037707
LAURA E. CANTWELL, BPR #043452
HORWITZ LAW, PLLC
4016 WESTLAWN DR.
NASHVILLE, TN 37209
(615) 739-2888
daniel@horwitz.law
sarah@horwitz.law
laura@horwitz.law

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 31st day of August, 2026, a copy of the foregoing and its attached exhibit were delivered to a process server with instructions to effect personal service upon the Defendant.

By: /s/ Daniel Horwitz___________
Daniel A. Horwitz, BPR #032176